BOYCE *v.* SHTUKAS.

1. AUTOMOBILES—CONDITION OF, CAR—HEADLAMPS—EVIDENCE—RE-MOTENESS.

In action for damages against estate of motorist who was killed in nighttime collision in which plaintiff was injured while a passenger in the other car, allegedly resulting from fact that decedent's car was being driven at a rapid rate of speed without lights, admission of testimony that headlamps on car of defendant's decedent had been stove in two days prior to accident involved was not error where there was connecting testimony showing the lamps had not been repaired in the interim and that after the accident they were stove in.

2. SAME — LIGHTS — NOISE — CONTRIBUTORY NEGLIGENCE — QUESTION FOR TRIER OF FACTS.

In action arising from collision, occurring at 12:30 a. m. at street intersection between westbound motorist on stop street and southbound motorist on through highway, where it appears that westbound motorist stopped, looked each way and saw nothing because other motorist's car was unlighted but listened and heard a noise increasing in volume as intersection was reached and entered, question of whether westbound motorist was guilty of contributory negligence, imputable to plaintiff, his passenger, was a question for the trier of the facts.

3. WITNESSES—IMPEACHMENT—STATEMENTS MADE BY INJURED PERSON IN HOSPITAL—NONJURY CASE.

Trial judge, sitting without a jury, had a right to disregard statements of widow of westbound motorist on stop street that she had made to attorney and adjuster for insurer of southbound motorist on through highway who had also been killed in the nighttime collision that westbound car in which she had been seated in front seat with her husband and plaintiff did not come to a stop and that the occupants were busily engaged in conversation instead of watching road conditions, which statements were made while she was a patient in the hospital and taken down by a court reporter but denied by her

upon the trial where there was a question of fact as to whether or not she had made them and, if so, whether she was then in a physical and mental condition to give a true account of what occurred.

4. APPEAL AND ERROR—NONJURY CASE—FINDING OF COURT—EVIDENCE—CONTRIBUTORY NEGLIGENCE.

In action arising from collision between westbound motorist on stop street and southbound motorist on through highway, wherein both drivers were killed, finding of trial judge that there was negligence on the part of defendant's decedent and no contributory negligence imputable to plaintiff, a guest passenger of the westbound motorist, was not against the overwhelming weight of the evidence as claimed by defendant administratrix of southbound motorist's estate.

CHANDLER and WIEST, JJ., dissenting.

Appeal from Berrien; Evans (Fremont), J. Submitted June 9, 1943. (Docket No. 38, Calendar No. 42,360.) Decided October 11, 1943.

Case by John Boyce against Virginia E. Shtukas, administrator of the estate of Anton G. Shtukas, deceased, for personal injuries sustained in an automobile accident. Judgment for plaintiff. Defendant appeals. Affirmed.

*Elden W. Butzbaugh,* for plaintiff.

*Charles W. Gore,* for defendant.

BUTZEL, J. At about 12:30 a.m. on June 23, 1941, plaintiff John Boyce was riding as a guest passenger in the car of the late DeWain Hardke, when an accident occurred. At the time Mrs. Hardke was seated on the front seat between plaintiff and Mr. Hardke who was driving the car. They had left Benton Harbor where the Veterans of Foreign Wars were holding a State convention. After they had taken another passenger home, they drove west

on Napier avenue in Benton township, not far from
Benton Harbor. The car approached Colfax ave-
nue which runs in a southerly direction from the
center of the city of Benton Harbor and intersects
Napier avenue which runs east and west. Colfax is
a through highway. Napier is an inferior street on
which there is a stop sign directing the driver of the
car to stop before entering Colfax. The pavement
is wider on Colfax than on Napier. On the north-
west corner of the intersection there is a service
station. Lights of two corner buildings were burn-
ing at the time of the accident, but the testimony
does not indicate that they were of sufficient strength
so as to light up the road. As the car on Napier
approached Colfax from the east, the driver's view
to the north would be temporarily cut off by a brick
building occupied as a grocery store and located at
the northeast corner of the intersection, but some-
what set back from Colfax. However, his view
would be unobstructed after he passed the building
and arrived at the entrance to Colfax avenue.
Napier does not cross Colfax in a straight direction
but turns slightly to the north as it continues west
of Colfax. As Hardke proceeded to cross Colfax
his car was struck by a car driven by Anton G.
Shtukas. As a result of the accident, both Hardke
and Shtukas were killed and Mrs. Hardke and plain-
tiff were severely injured. Plaintiff testified that he
lost consciousness and that his memory is a blank
as to what occurred after they arrived at the inter-
section. Mrs. Hardke is the sole survivor able to
give the details of the accident. She testified that
when they came to the intersection, her husband
stopped the car for several seconds and the occu-
pants heard a very loud noise, a noise which, she
said, had the sound of a motor and it continued to
grow louder; as the car thus came to an intersection

and after the noise was heard, "without seeing anything," plaintiff attempted to roll the side window down but was unable to do so. Mrs. Hardke states that she looked to her right and left and although she was not driving she was looking all over and was in a position to look to the right or north of Colfax avenue, that her husband who was driving also looked to the right after stopping; that as they started to cross the road, the noise seemed to increase in volume, and that was why plaintiff tried to roll the window down; that she saw no lights of any kind from anywhere; that the loud noise sounded to her like an airplane motor, and as they waited, the noise kept on increasing, that they discussed the noise, and she remarked that it sounded like an airplane, and plaintiff said: "No, it's one of those damned Vets." She stated that her husband heard this remark. Hardke's car was struck by the car of defendant's decedent, it being claimed that it was speeding without lights from the north. There was testimony that it was traveling at the rate of from 60 to 65 miles per hour. One of the witnesses for plaintiff testified that he was seated on a porch of a house facing Harry avenue, about 100 yards north of Napier avenue, and from his position he had a good view of the cars passing up and down Colfax avenue, that he heard the noise of the car of defendant's decedent and it sounded like an airplane or car driven at a high rate of speed; that the car had no lights as it passed; that it was coming from the north down Colfax avenue; that the noise kept getting louder. The witness, however, did not see the car because it had no lights and it was dark but he thought that the car passed in front of the house as two or three seconds later he heard a loud crash with a noise so terrific that the windows of the building shook.

There was also testimony that the car of defendant's decedent was in an accident and its lamps stove in two days prior to the accident in which plaintiff was injured. Objection was made to the introduction of this testimony as being too remote. The court admitted it conditionally. It was connected up with the testimony of others who stated that they saw decedent's car at successive times during the following two days prior to the accident, and that the lamps had not been repaired. It was further shown that after the accident, the lamps were stove in. While ordinarily testimony of what happened two days prior to the accident would be too remote, the testimony was connected up so as to show that the lamps had not been repaired and the testimony thus became material. There was no error in permitting the introduction of this testimony.

Many other questions are raised that have no merit. The one meritorious one is whether or not plaintiff's driver was guilty of contributory negligence for it would be imputed to plaintiff. While there may be some doubt about what an ordinarily prudent man would do under like circumstances upon hearing the noise increasing in volume as his car entered the intersection, nevertheless it was shown that plaintiff's driver did stop the car, looked and saw nothing because of darkness and then proceeded. Would a reasonably prudent man under those circumstances not have the right, after looking and seeing nothing, to assume that no car was coming, if there were no lights? It is a question on which the minds of reasonable men may differ, and thus it at least was a question for the trier of the facts.

Mrs. Hardke, while at the hospital, was twice interviewed by an attorney and adjuster for the insurance company. Questions and answers were taken

down by a court reporter. The answers indicated that the Hardke car did not come to a stop, that the occupants were busily engaged in conversation instead of watching road conditions. Mrs. Hardke denied giving the answers attributed to her. At the time she was undoubtedly suffering from shock on account of the loss of her husband and her physical injuries. The hospital records were introduced to show her physical condition and the narcotics and later sedatives that were administered to her. It is a question of fact whether she made the impeaching statements, and, if so, whether she was in a physical and mental condition to give a true account of what occurred. The trial judge evidently did not believe that the testimony in these statements affected the credibility of Mrs. Hardke. He believed her testimony given at the trial.

Appellant claims that the finding of the judge was against the overwhelming weight of the evidence. We have read the testimony with care and have come to the conclusion that, while the case presents close issues of fact, the finding of the judge was not against the overwhelming weight of the evidence as claimed by appellant. The judge sitting as a jury found that there was negligence on the part of defendant's decedent and no contributory negligence imputable to plaintiff in whose favor he rendered a judgment.

Judgment affirmed, with costs.

BOYLES, C. J., and NORTH, STARR, BUSHNELL, and SHARPE, JJ., concurred with BUTZEL, J.

WIEST, J. (*dissenting*). The judgment should be reversed.

Plaintiff was a guest passenger of the driver of the car. After expressing an opinion that the ap-

proaching noise was made by "one of those damned Vets" he made no demur to the driver entering the intersection where the car was struck. It appears that when the driver stopped the car short of the intersection and heard the noise of something approaching and discussion was had as to whether it was an automobile or an airplane plaintiff, who had had long experience with automobiles, stated "I bet you that's one of those damned Vets." At the time of the accident there was a Veterans' meeting at Benton Harbor and this accident occurred at an intersection near that city.

The driver's wife testified that the driver heard the view expressed by plaintiff but drove ahead into the intersection where the accident occurred.

Plaintiff's expressed opinion evidently that an automobile was approaching and in not protesting an entrance to the intersection should bar him from having recovery on the ground of imputed negligence.

CHANDLER, J., concurred with WIEST, J.